UNITED STATES, Appellee

v

ROBERT L. KAAG, JR., Airman, U. S. Air Force, Appellant

No. 28,035

June 21, 1974

*Major Paul K. Lewis, Jr.,* argued the cause for Appellant, Accused. With him on the brief was *Colonel William E. Cordingly.*

*Colonel C. F. Bennett* argued the cause for Appellee, United States.

### OPINION OF THE COURT

QUINN, Judge:

At issue is the validity of the authentication of the record of trial.

Accompanying the judge's authentication of the record in the usual form was a letter by him to the effect that pages 3, 4, 5, 9, 10, and 21 "must be re-typed with corrections indicated;" in addition, he directed that the "minor correction on Page 46 . . . be reflected on all copies." The judge noted that on the day of trial he had a bad cold "which no doubt made it very difficult for the court reporter to understand" him, but as to the matter covered in the first five of the listed pages, which dealt with inquiry into the accused's understanding of a plea of guilty and other matters, he "always follow[ed] the standard script in AFM 111-6." The authentication and the letter are dated July 24, 1973. Below the judge's letter is a notation in ink that "All corrections have been made by

court reporter on 30 July 1973." The note is signed by a technical sergeant described as NCOIC/JA (Noncommissioned Officer in Charge, Judge Advocate Office) of 67 Combat Support Group, a subordinate unit within the command of the convening authority.

As to all pages, except 46, which has a word inserted in ink, there is no indication what corrections or changes were made. In an affidavit, the court reporter avers that all corrections were made "in accordance with the request" of the trial judge. In a separate affidavit, the NCOIC indicates that "a *list* of the corrections to be made" (emphasis supplied) was given to the court reporter, and later he reviewed the record and "assured" himself the corrections were made as instructed by the judge. A civilian attorney in the office of the staff judge advocate certified that he had "carefully checked the re-typed pages . . . and determined that . . . they were accomplished in compliance with the instructions" of the trial

judge. The convening authority then acted on the case.

As recently as United States v Hill, 22 USCMA 419, 47 CMR 397 (1973), we reviewed the requirements for, and the importance of, authentication of the record of trial. Here, the trial judge was required to authenticate the record. Article 54(a), Uniform Code of Military Justice, 10 USC § 854(a); Manual for Courts-Martial, United States, 1969 (Rev), paragraphs 39*f* and 82*f*. The evidence demonstrates that he determined there were errors in the original typescript submitted to him for authentication, and he directed that they be corrected. The evidence also indicates, and the Government concedes, he never reviewed the amended transcript and never certified, or otherwise indicated, that they accurately reported what actually transpired at the trial.

Except as to page 46, we can only guess at the nature of the changes made in the pages cited. Various persons having apparent administrative responsibility in regard to the integrity of the record have attested that the errors detected by the judge were corrected in accordance with his instructions. Collectively, these assurances amount to certification by them, not the trial judge, of the accuracy and completeness of pages of the record covering important subject matter. We accept these assurances unreservedly, but the persons who have made them are strangers to the authentication process prescribed by law. Their certification cannot substitute for that of the person legally entrusted with that responsibility. United States v Giordano, 42 USLW 4642 (US May 13, 1974). We conclude, therefore, that important parts of the record of trial were not properly authenticated.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General for submission to the convening authority for further proceedings consistent with this opinion.

Chief Judge DUNCAN and Senior Judge FERGUSON concur.